UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TREY SEWARD (#630634)**  **CIVIL ACTION**

**VERSUS**

**ROBERT ROWE, ET AL.**  **NO. 16-173-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 20, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TREY SEWARD (#630634)                                           CIVIL ACTION

VERSUS

ROBERT ROWE, ET AL.                                             NO. 16-173-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the defendants' Motion for Summary Judgment (R. Doc. 10). The Motion is unopposed. The plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 3).

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Captain Robert Rowe, Warden Jimmy Smith, and Assistant Warden Stephanie Lamartiniere alleging that his constitutional rights were violated through the use of excessive force and deliberate indifference to his serious medical needs. The defendants' move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and a certified copy of the plaintiff's pertinent administrative remedy proceeding ("LSP 2014-2867").

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.

*Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended, the plaintiff alleges that excessive force was used against him after he complained that there were no cookies on his food tray, his left eye was injured as a result, and he was subsequently denied treatment for the injury to his left eye.  The defendants assert that the plaintiff failed to exhaust administrative remedies, as mandated by 42 U.S.C. § 1997e, relative to his claims.  Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action

in this Court with respect to prison conditions.[1]  This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525.  Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.  *Id.*

A review of the pertinent administrative record (R. Doc. 31-3) reflects that on January 25, 2016, the plaintiff filed an ARP regarding the aforementioned claims ("LSP-2016-0240").  *See* R. Doc. 10-3, p. 4-7.  The plaintiff filed his Complaint in the present matter on or about March 10, 2016; however, his administrative remedy grievance was not denied at the second step until April 19, 2016.  *See* R. Doc. 10-3, p. 3.  Accordingly, at the time the plaintiff filed his Complaint on March 10, 2016, he had not yet received a response at the second step of the two-step administrative grievance procedure.  The plaintiff failed to exhaust available administrative remedies prior to filing suit, and as such, the defendants are entitled to summary judgment.  Pre-filing exhaustion is mandatory, and the Court has no discretion to excuse a prisoner's failure to

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

properly exhaust the prison grievance process before filing their complaint.  Exhaustion achieved during the pendency of the federal proceeding is not relevant.  *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 10) be **GRANTED**, and that this matter be dismissed without prejudice.  It is further recommended that the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 3) be **DENIED AS MOOT**.[2]

Signed in Baton Rouge, Louisiana, on September 20, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] One purpose of the exhaustion requirement is to allow correctional officials time and opportunity to address complaints internally prior to involving the federal courts.  *See Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004), *citing Porter v. Nussle*, 534 U.S. 516, 525, (2002).  To allow the plaintiff to bring unexhausted claims for injunctive relief would circumvent the intent of Congress by denying prison officials the opportunity to address these complaints internally.  Furthermore, none of the claims raised by the plaintiff in the Motion for Temporary Restraining Order and Preliminary Injunction present circumstances so emergent as to render the exhaustion requirement futile.